No. 8796

COURT OF APPEAL

PARISH OF ORLEANS.

NICHOLAS ALPHONSO

versus

THE HOTEL GRUNEWALD CATERERS INC.
and GEORGE FORSCHLER, in Solido.

Dinkelspiel; J.

The substantial allegations in plaintiff's petition ar that he was engaged as a candy vendor, having in his possession, selling candy, a cart, which he was pushing along Conti Street between going in the direction of the river in the block between Royal and Bourbon Streets in this city, and that he was run into and knocked down by a horse and wagon belonging to the Grunewald Laundry, which was proceeding in the same direction on Conti Street, but was behind your petitioner, and that just prior to striking petitioner and his cart, the Grunewald Laundry Wagon was run into and struck by an automobile which was also proceeding on Conti Street towards the river, and was the property of defendant, George Forschler, and was then in charge of defendant's employee acting in the scope of his employment. This accident occurred on December 5th, 1921, and caused petitioner's wagon to upset, destroying the wagon, its contents and injuring petitioner, particularly his hands, and that because of said injury he had not been able to work and for the loss of candy, his claim for Doctor's bills and the injury he sustained he filed this suit against both The Hotel Grunewald Caterers Inc., and George Forschler, claiming damages in the sum of $5327.00 with legal interest from judicial demand.

To this petitioner's the petition there was first filed exceptions that same was too vague and indefinite, and further that said petition disclosed no right or cause of action. The exceptions being overruled, answers were filed by the defendants.

The defendant, Forschler, denied any indebtedness due plaintiff for causes cited in the petition, admits the injury but denies the extent thereof, and proceeding to answer further, substantially says, that the machine driven by his chauffeur was being driven on Conti Street between Bourbon and Royal Streets, at a speed of from four to five miles an hour and further averring that in front of his machine and proceeding in the same direction on Conti Street, were a horse and wagon being driven along the center of the Street at a slow trot, and near the South curb and

140

between the wagon and curb plaintiff was propelling a small candy vendor's handcart; and alleging further, on catching up with the wagon and handcart, defendant's chauffeur sounded his horn as a signal preparatory to passing to the left of the wagon; the driver of the wagon thereupon pulled over to the right and defendant had almost completely passed by when either the wagon driver mfxthm fearing that he had pulled over too near to the candy cart pulled on the left rein and pulled into the right side of the defendant's automobile, or the horse shied to the left; that the left right hub of the wagon struck the right rear fender of defendant's automobile, the jolt throwing the horse and with him the wagon against plaintiff's cart; and further alleging that the automobile was being driven at a very slow speed and in a careful xxx manner; that said automobile was passing the wagon on the left in accordance with legal requirements; that the collission between his automobile and the wagon was in no way due to any negligence or want of skill on the part of his chauffeur, and that any question of negligence and responsibility in this case lies between plaintiff and the owner and operator of the horse and wagon. He prays that there be judgment in his favor and against plaintiff, dismissing plaintiff's suit in so far as it is against this defendant, with costs.

The answer of the Hotel Grunewald Caterers Inc., denies all the allegations contained in plaintiff's petition, except that it is a corporation domiciled in the city of New Orleans; denies that the driver of the wagon ran into and knocked down the plaintiff, denies that the plaintiff was near the righthand curb at the time he was struck, averring that the automobile owned by George Forschler and operated by his chauffeur, struck the wagon owned by defendant, knocked same up against the candy cart of plaintiff, and alleging that the true cause of the accident was due to the negligence and

carelessness of the driver or chauffeur in charge of the automobile which belonged to the defendant firstly, which said driver was at the time of the accident the agent, servant or employee of said Forschler, acting within the scope of his authority and in the course of his employment for the said Forschler, and that the said driver or chauffeur of the said automobile was not exercising due care and caution at the time of the accident, and did not have his automobile under control, and simply ran into the rear part of defendant's wagon. They finally pray for judgment dismissing plaintiff's suit, for costs and for general relief.

An examination of this record, and quoting only such portions of it as we deem applicable to the facts in this case, the testimony of the driver of the Grunewald Hotel wagon, satisfies us that he was struck by the automobile when he was going towards the river between Royal and Bourbon Streets; that his wagon was in the center of the street on the downtown side and that he was passing a man with a candy wagon, and that there was an automobile parked, and that the automobile that struck the wagon was on the lefthand side and that the first knowledge he had was that it knocked him back and hit his arm on the side of the wagon which holds the cover up, and he grabbed his horse and in doing so broke the shaft; the horse got frightened and he was struggling with the horse. In reference to what occurred to the candy man, he goes on to say that the plaintiff was in the rear, shoving his little push cart and the only way that he got hurt was his wagon upset him, and when this witness saw him he was holding his arm and said his arm was hurt.

On cross examination he says that his horse never struck the candy man and what happened was that the candy man was knocked back, the candy spilled out into the street, also that a portion of the broken glass on the wagon was in the street.

The witness, Philips, who was the chauffeur for the

defendant, Forschler, describing what occurred at the time of the accident, was asked:

Q. Did the automobile hit the horse at all?

A No sir, the automobile did not touch the horse?

Q. Then if the automobile did not touch the horse, how in the world could you get it past unless the horse swung in front of you? In other words how could that wagon have got up where it could run into your automobile without the horse swinging over towards you?

A. He did close in on me, I had delivered the front part of my machine with the rear part of the wagon with safety, when the rear part of the automobile came in contact with the front part of the wagon thats how he closed in on me, and thats how I had room enough to get that far without any trouble at all.

Q. If you had room enough to get past him and you had got your automobile so that the rear of the automobile was opposite the front wheel of the wagon, in order to collide with it you the horse must have swung over, shifted to the left or towards the downtown side, must he not?

A. Yes sir, he closed on me.

Q. And yet you didn't hit it?

A. I didn't hit the horse. No sir, . didn't hit the horse.

The testimony of Dr. Love, who is a practicing physician in the city of New Orleans, and who examined plaintiff's hands, swears that he found a contusion on the right hand which upon being ex-rayed showed no evidence of fracture; he sent plaintiff to Dr. Henriques for ex-ray examination, and Dr. Henriques reported that there was no evidence of a fracture in the picture taken by            him; Dr. Love further testified that the hand was badly bruised but he could not make out the injuries beyond the bruising of the soft parts, without injury to the bone. His fee for attending to plaintiff was ten dollars, which was paid; also the fee of Dr. Henriques, seven dollars for the ex-ray examination

The plaintiff himself was a witness in his own behalf, and testifies substantially that he met with an accident on Conti Street near Royal Street; he was going to North Peters and Canal Streets with his wagon, and behind there was a wagon and the automobile came from Bourbon Street in fast running, xxdxhxxfxkk and the automobile ran into the wagon and the horse and wagon were thrown against him; he testifies that the horse hit him and knocked his wagon over and hit him on the right side of his hip and his index finger of the right hand; that he was out of work for two months and ten days; that he could not hold his hand on the wagon, that at the time of the accident he had one hundred and twenty pounds of candy in his cart which he sold at thirty cents per pound, that has wagon cost him thirty five dollars, the showcase twelve dollars, and the wagon was so completely broken he could not fix it; his stock was entirely destroyed, it was during the Christmas week and he was making from seven to nine dollars a day profit. He could not speak English and was about sixty one years of age and had not been able to do work of the same kind for several months.

The defendant, Forschler, being examined as a witness in this case, testified that he was in the automobile at the time of the accident to plaintiff occurred. He says "I was sitting in front with the chauffeur; we were coming in from Bourbon Street, we got in Royal Street, this man with his candy wagon was standing in close to the curbing".

Q. Uptown curbing?

A. On the uptown curbing; and the Grunewald Caterers' wagon in the center; we were coming ahead and there was just enough room for us to drive through and my chauffeur blew his horn and we were half xxyxxkkxx way through with the automobile when the wagon swerved towards us causing his front hub to strike my hind fender proving that we were almost through; there was no damage done to my car or the wagon, we stopped immediately, we were going five miles and hour and we stopped right in

front of the wagon and the horse swayed over, he tried to catch
his wagon so thats how he got his hand hurt. Witness took the
patient to the hospital and the doctors there said there was
nothing the matter with the hand, it might have been a little
sprained.

Q. Doctor, you say you were only going four or five miles an hour;
how do you account for that?

A. Because I have an expert chauffeur, it is a one way street, and
there were three vehicles; there was just enough space for us to go
through; I never allow him to go fast.

We have thus endeavored to state what we believe to be
the substantial part of the testimony in this record, and we are
satisfied that the Grunewald Caterers laundry wagon could not and
would not have hit plaintiff's candy wagon except for the fact
that the automobile of Mr. Forschler, the other defendant, in
attempting to go through by an automobile which was parked near
the accident, the laundry wagon, and the candy wagon, took chances
to get through a very narrow space and in doing so was not suc-
cessful; that if the automobiles had not been driven in the manner
testified to but had waited until both the plaintiffs wagon and
the Brunewald laundry wagon had gotten out of the way, the acci-
dent would nevery have occurred, but as it was, whether driving
slow or not, in the narrow space between the wagon and the auto,
the accident occurred. The wagon being a closed wagon of course
the driver could not see, except in front of him. The accident
was very unfortunate to the plaintiff in this case, who in the
candy business with a cart on which was a glass case containing
candy made his living; the cart was destroyed, the candy fixxax
of no earthly use; the hand of plaintiff was injured and from
the testimony, we are satisfied that plaintiff was incapable
of working and we have fixed the time of his being ill at twen-
ty days and the amount that he is entitled to for that time at
three dollars a day would make the sum Sixty Dollars; his medi-
cal bills amounted to Seventee Dollars; we place the value of

the wagon and the glass at fifty dollars; the candy destroyed thirty dollars, and for the suffering and pain which plaintiff suffa had; unable to work, out of business, we think One Hundred and Fifty Dollars additional is a reasonable allowance.

We are satisfied that plaintiff has made out his case against the defendant, Forschler, and that the Grunewald Caterers Inc., are not liable.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is annulled in so far as condemning the Hotel Grunewald Caterers Inc., in solido with George Forschler, and that there be judgment in favor of Nicholas Alfonso and against George Forschler, in the full sum of Three Hundred and Seven Dollars, with interest at five per cent per annum from judicial demand.

It is further xx ordered, adjudged and decreed that plaintiff, Nicholas Alfonso, pay the cost of this appeal and that defendant, George Forschler pay the costs of the lower Court, and as thus amended, judgment affirmed.

Judgment amended in part and annulled in part.